IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81-01ML |
| | : | (Superseding Indictment) |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRILLVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANTS, NIGEL POTTER'S, DANIEL BUCCI'S AND LINCOLN PARK, INC.'S JOINT MOTION FOR INDIVIDUAL VOIR DIRE**

Defendants, Nigel Potter, Daniel Bucci and Lincoln Park, Inc., move under F.R.Crim. 24(a)(1) and Local Rule 15(c) that they may be permitted to participate in an individual *voir dire* of the prospective jurors at their upcoming trial. In support of their motion, defendants state as their reasons that this is a case which, throughout it pendency and during its first trial, has generated a great deal of publicity and which involves circumstances likely to elicit strong emotional responses from some prospective jurors.

Defendants state their reasons more thoroughly in the accompanying memorandum which is hereby incorporated into this motion.

STATEMENT PURSUANT TO LOCAL RULE 12 (f)

The filing and disposition of this motion constitutes excludable time as define by 18 U.S.C. § 3161(h)(1)(f). It is not possible to estimate the amount of excludable time until the disposition of this motion.

Respectfully submitted,

NIGEL POTTER
By his Attorney,

C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien
The Owen Building, 101 Dyer Street
Providence, RI 02903
401-751-5090

Respectfully submitted,
DANIEL BUCCI
By his Attorney,

ANTHONY M. TRAINI (#4793)
56 Pine Street
Providence, RI 02903

Respectfully submitted,
LINCOLN PARK, INC.
By its Attorneys,

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Dated: June 28, 2005

CERTIFICATE OF SERVICE

I certify that on the 28th day of June, 2005 I caused a copy of this document to be mailed to Craig N. Moore and Lee H. Vilker, Assistant United States Attorneys, The Fleet Center, 50 Kennedy Plaza, 8th Fl., Providence, RI 02903.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81-01ML |
| | : | (Superseding Indictment) |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRILLVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANTS, NIGEL POTTER'S, DANIEL BUCCI'S AND LINCOLN PARK, INC.'S JOINT MEMORANDUM IN SUPPORT OF THEIR MOTION FOR INDIVIDUAL VOIR DIRE**

Defendants, Nigel Potter, Daniel Bucci and Lincoln Park, Inc., have moved for an individual *voir dire* of the prospective jurors in their upcoming trial.

The case involves allegations of wire fraud in what amounts to an alleged attempt to bribe a prominent Rhode Island politician. The defendants are all associated with and operators of Rhode Island gaming enterprises. The first trial of the Indictment ended in a hung jury and a mistrial. The case was the subject of extensive media attention before, during and after the trial. During jury selection for the first trial and, later, through the public comments of former jurors, it became evident that the issues raised by the case evoked strong emotional responses among certain individuals.

Since the mistrial, this Court has gone to great lengths to ensure that the next jury can weigh the evidence dispassionately. It has conducted an extensive evaluation of the volume, intensity and nature of the local publicity surrounding the case and assessed the likelihood of such publicity continuing unabated. After considering the material presented to it, as well as the arguments of counsel, this Court determined that it would be nearly impossible to ensure the

defendants' right to a fair and impartial jury drawn from a jury pool that continued to be exposed to such publicity. This Court then took the extraordinary step of granting the defendants' Renewed Motion for a Change of Venue.

In advance of jury selection for the first trial, this Court utilized a jury questionnaire to help counsel identify bias caused by prospective jurors' personal values or by their exposure to pretrial publicity. The Court has concluded that with the change of venue, a jury questionnaire is no longer necessary. However, there is still a need to determine whether extraneous matters may affect the capacity of certain prospective jurors to weigh the evidence impartially and without prejudice. Toward that end, when prospective jurors are asked questions which are aimed at ascertaining the impact of pretrial publicity or at identifying partiality regarding the facts or the law, ***it is critical that*** the responses ~~should~~ be complete and candid, ~~and~~ ***so that*** the Court and the parties ~~are entitled to~~ ***can*** receive and evaluate such answers. However, such questioning, in the presence of the entire prospective jury pool, may either cause a prospective juror to be circumspect about his or her answer, or, alternatively, ***to give*** a complete and candid answer ***that*** may expose the whole panel to irrelevant information and prejudicial opinions. On the other hand, an individual *voir dire* would allow counsel a reasonable opportunity to identify bias in individual prospective jurors without running the risk that a single person's answers will impact the entire venire.

For these reasons, defendants request leave to participate in an individual *voir dire* of the prospective jurors.

Respectfully submitted,
NIGEL POTTER
By his Attorney,

C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien
The Owen Building, 101 Dyer Street
Providence, RI 02903
401-751-5090

Respectfully submitted,
DANIEL BUCCI
By his Attorney,

ANTHONY M. TRAINI (#4793)
56 Pine Street
Providence, RI 02903

Respectfully submitted,
LINCOLN PARK, INC.
By its Attorneys,

JOHN A. TARANTINO,(#2586)
PATRICIA K. ROCHA, (#2793)
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Dated: June 28, 2005

CERTIFICATE OF SERVICE

I certify that on the 28th day of June, 2005 I caused a copy of this document to be hand delivered to Craig N. Moore and Lee H. Vilker, Assistant United States Attorneys, The Fleet Center, 50 Kennedy Plaza, 8th Fl., Providence, RI 02903.