**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 03-081ML** |
| | : | |
| **NIGEL POTTER;** | : | |
| **DANIEL BUCCI; and** | : | |
| **BURRILLVILLE RACING ASSOCIATION** | : | |
| **a/k/a LINCOLN PARK** | : | |
| **a/k/a LINCOLN GREYHOUND PARK** | : | |
| **a/k/a LINCOLN PARK, INC.** | : | |

**OPPOSITION TO DEFENDANTS' MOTION FOR INDIVIDUAL VOIR DIRE**

The United States opposes Defendants' Motion for Individual Voir Dire. In support of this Opposition, the United States submits the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

CRAIG N. MOORE
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

Dated: June 29, 2005

<u>Certificate of Service</u>

I, Paula Harsey, hereby certify that on this 29th day of June, 2005 I served by first class mail a copy of the within Opposition to Defendants Motion for Individual Voir Dire on the following counsel of record:

John Tarantino, Esquire
Adler Pollock & Sheehan
2300 Financial Plaza
Providence, Rhode Island 02903

C. Leonard O'Brien, Esquire
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Anthony M. Traini, Esq.
56 Pine Street - Suite 2
Providence, RI 02903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CR No. 03-081ML |
| | ) | |
| NIGEL POTTER; | ) | |
| DANIEL BUCCI; and | ) | |
| BURRILLVILLE RACING ASSOCIATION | ) | |
| a/k/a LINCOLN PARK | ) | |
| a/k/a LINCOLN GREYHOUND PARK | ) | |
| a/k/a LINCOLN PARK, INC. | ) | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR INDIVIDUAL VOIR DIRE**

The Government submits this memorandum in opposition to defendants' joint request to conduct individual *voir dire* during the retrial of the above captioned matter. Prior to the commencement of trial in the District of Rhode Island in January 2005, the Court did conduct individual *voir dire*, citing a number of factors unique to a trial within this District. Such factors included prospective jurors' possible exposure to extensive pretrial publicity in Rhode Island concerning this very case, their likely familiarity with Rhode Island political figures involved in this case, particularly former Speaker of the House John Harwood, and their likely familiarity with Lincoln Park specifically and gaming issues generally in Rhode Island. None of these factors apply to the re-trial of this case, which is to take place in the District of Massachusetts.[1]

In May 2005, the Court granted defendants' motion for a change of venue and transferred this case to the District of Massachusetts, where the Court noted there had been minimal pretrial publicity. By agreeing to a change of venue, the Court also addressed defendants' concerns about the purported preconceived beliefs Rhode Islanders may have concerning corruption in the State. Given that the Court has already addressed the concerns that led it to conduct individual *voir dire* during the first trial, there is simply no need to do so again during retrial.

---

[1] The individual voir dire conducted by the Court in the first trial took a little less than 3 days.

The Government is confident that the Court is well-equipped to pose questions to the jury panel as a whole that will result in the empanelment of a fair and impartial jury. It is well established that "the trial court has broad discretion in conducting *voir dire*." United States v. Brandon, 17 F.3d 409, 442 (1st Cir. 1994). The Brandon case, which was tried in front of Chief Judge Torres, concerned a large credit union bank fraud which had received substantial pretrial publicity in Rhode Island. On appeal, the First Circuit rejected the defendants' argument that the Court had erred in refusing to conduct individual *voir dire*, holding that "[i]t is more than enough if the court covers the substance of the appropriate areas of concern by framing its own questions in its own words." Brandon 17 F.3d at 442, quoting Real v. Hogan, 828 F.2d 58, 62 (1st Cir. 1987).

In this case, by changing venue, the Court has already addressed defendants' concerns that led to individual *voir dire* during the first trial. There is simply no reason why the Court should deviate from its standard procedures, in which questions are initially posed to prospective jurors collectively. To the contrary, there is every reason to expect that these standard *voir dire* procedures, under the Court's watchful eye, will ensure that a fair and impartial jury is empaneled in this case.

Respectfully submitted,
UNITED STATES OF AMERICA

By its attorneys,
ROBERT CLARK CORRENTE
United States Attorney

CRAIG N. MOORE
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

Dated: June 29, 2005

Certificate of Service

I, [signature], hereby certify that on this 29th day of June, 2005, I served by first-class mail a copy of the within "Memorandum in Opposition to Defendants' Motion for Individual Voir Dire" on the following counsel of record:

John Tarantino, Esquire
Adler Pollock & Sheehan
1 Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

C. Leonard O'Brien, Esquire
The Owen Building, 101 Dyer Street
Providence, Rhode Island 02903

Anthony Traini, Esquire
55 Pine Street
Providence, Rhode Island 02903