IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81-01ML |
| | : | (Superseding Indictment) |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRILLVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANTS NIGEL POTTER'S, DANIEL BUCCI'S AND LINCOLN PARK, INC.'S JOINT OBJECTION TO READING AND/OR SUGGESTING THAT A WITNESS VOUCHES FOR EXHIBITS AS TO WHICH S/HE HAS NO KNOWLEDGE OR NO RECOLLECTION**

The parties appear to be agreed that no witness should read from any document as to which he has no knowledge (*i.e.,* he has never seen the document) or no recollection (*i.e.,* although the document is addressed to him, or although he has made notations on the document, he has no present recollection of its contents). Defendants understand that this includes having the questioner read the contents of the document, either verbatim or paraphrased, once the witness has said he does not remember it.

Both sides took some liberties in this regard in the first trial. *E.g.,* Tr. 2/1/05 at pp. 145-147 (defense counsel questions Skip Sherman about *Potter Exhibit AAB,* about which he has no recollection although he is an addressee); Tr. 2/10/05 at 122-129 (prosecution questions Nigel Potter about the *Potter Exhibit AAB* and *Government Exhibit 9,* about both of which he has no recollection although he is an addressee); Tr. 2/10/ 05 at 146 (court agrees with counsel for Lincoln Park that this practice is inappropriate). Defendants anticipate that neither side will repeat this practice in the second trial.

Defendants are also assuming that the prosecution will publish, but will not highlight or otherwise draw the jury's attention to selected portions of, exhibits introduced through witnesses who have no knowledge of the documents themselves. Such a procedure gives the impression that the witness vouches for the prosecutor's emphasis on selected part[s] of the document, even though the witness has not seen the document before, or knows nothing about it. Since the government ceased this practice part-way through the last trial, defendants assume that the government will eschew it in the second trial as well.

In the event either of these assumptions proves incorrect – *i.e.*, in the event exhibits are introduced, read or paraphrased as to which the witness has no current recollection; or in the event that portions of exhibits are highlighted while a witness is on the stand who has no knowledge of document itself – defendants respectfully object.

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. Leonard O'Brien (E.T.)

C. LEONARD O'BRIEN (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt & O'Brien
The Owen Building, 101 Dyer Street
Providence, RI 02903

Respectfully submitted,
DANIEL BUCCI
By his Attorney,

Anthony M. Traini (E.T.)

ANTHONY M. TRAINI (#4793)
56 Pine Street
Providence, RI 02903

Respectfully submitted,
LINCOLN PARK, INC.
By its Attorneys,

John Tarantino (E.T.)

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

**CERTIFICATION**

I hereby certify that I caused the **original** of the within document to be hand-delivered to Judge Mary M. Lisi, and a **copy** of the within document to be hand-delivered to Craig Moore and Lee Vilker, Assistant United States Attorneys; John Tarantino, Esq.; and Anthony Traini, Esq., in the courtroom during the trial of this matter in U.S. District Court in Worcester, Massachusetts, on the 19th day of July, 2005.

Ellen Taylor