IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81-01ML |
| | : | (Superseding Indictment) |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRILLVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANTS NIGEL POTTER'S, DANIEL BUCCI'S AND LINCOLN PARK, INC.'S JOINT OBJECTION TO OPINION TESTIMONY OF SHERMAN AND BRENTS**

Defendants object under F.R.Evid. 401, 403, 701 and 802 to testimony that Skip Sherman and/or David Brents stated in Nigel Potter's presence that Daniel Bucci's McKinnon proposal was "illegal." Defendants' grounds are multiple:

- First, this testimony is hearsay. It cannot be offered for the truth of its contents.
- Second, as Mr. Sherman and Mr. Brents are not lawyers or legal experts, Rule 701 also forbids them from tendering an opinion concerning the legality of the McKinnon proposal.
- Third, neither witness tendered any foundation for drawing a relevant opinion. Both admitted that they did not know what Mr. Bucci was proposing to pay McKinnon to do. The probative force of these opinions was therefore severely limited.
- Fourth, defendants assume that these opinions will be offered as circumstantial evidence relevant to Mr. Potter's state of mind. However, because the term "illegal" could be understood to mean a variety of things – *e.g.,* violative of laws prohibiting certain conflicts of interest; violative of laws governing ethics; violative of criminal laws – it is

relevant to Mr. Potter's state of mind only if the jury speculates as to which of these interpretations, if any, Mr. Potter understood (in the event, that is, that the jury concludes that Mr. Potter in fact heard these words).

- Fifth, the evidence is unfairly prejudicial. It permits the jury to infer that someone told Mr. Potter that the McKinnon proposal was a bribe, when in fact Mr. Potter could have reasonably understood the adjective "illegal" as having nothing to do with bribery.
- Sixth, this evidence is also confusing. It suggests that Mr. Sherman and Mr. Brents were in a position to have an opinion, even though they admitted that they lacked critical information concerning what the proposal entailed and had no legal expertise. It also suggests that Mr. Potter was obliged to assume they did have an (unstated) factual foundation for their opinions, that he was obliged to credit their inexpert opinions, and that he must have assumed they meant "criminal" – all in lieu of exploring the proposal further – when in fact the circumstances do not warrant any of these conclusions on any basis other than speculation.

The unfair prejudice and likely confusion inherent in this testimony would be so great as to more than "substantially outweigh" its minimal probative force. Neither man's legal opinion should be admitted in the second trial.

In the alternative, if this court admits this evidence, defendants ask that it be accompanied by a contemporaneous instruction that:

- The statement is not offered for its truth, that is, it is not offered to prove that the proposal was or was not illegal; and
- If you believe that this statement was made, you may consider it only as evidence that Nigel Potter heard these words.

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. Leonard O'Brien (E.T.)

C. LEONARD O'BRIEN (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt & O'Brien
The Owen Building, 101 Dyer Street
Providence, RI 02903

Respectfully submitted,
DANIEL BUCCI
By his Attorney,

Anthony Traini (E.T.)

ANTHONY M. TRAINI (#4793)
56 Pine Street
Providence, RI 02903

Respectfully submitted,
LINCOLN PARK, INC.
By its Attorneys,

John Tarantino (E.T.)

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

**CERTIFICATION**

I hereby certify that I caused the **original** of the within document to be hand-delivered to Judge Mary M. Lisi, and a **copy** of the within document to be hand-delivered to Craig Moore and Lee Vilker, Assistant United States Attorneys; John Tarantino, Esq.; and Anthony Traini, Esq., in the courtroom during the trial of this matter in U.S. District Court in Worcester, Massachusetts, on the 19th day of July, 2005.

Ellen Taylor