IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | |
| NIGEL POTTER;<br>DANIEL BUCCI; and<br>BURRILLVILLE RACING ASSOCIATION<br>a/k/a LINCOLN PARK<br>a/k/a LINCOLN GREYHOUND PARK<br>a/k/a LINCOLN PARK, INC. | : | CR 03-81-01ML<br>(Superseding Indictment) |

**DEFENDANT NIGEL POTTER'S MEMORANDUM UNDER F.R.A.P. 106 IN SUPPORT OF THE ADMISSION OF ADDITIONAL EXCERPTS OF THE PRIOR TESTIMONY OF NIGEL POTTER**

The Government seeks to introduce into evidence selected excerpts from the testimony given by Nigel Potter during the first trial of this case. *See,* Letter of July 18, 2005 and attached excerpts. The government is of course free to make use of Mr. Potter's prior sworn statements. It is not, however, free to present a completely one-sided picture of that testimony which does not acknowledge statements that balance and modulate the witness's evidence.

Rule 106 of the Federal Rules of Evidence codifies the common law doctrine of completeness. The Rule states as follows:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

As the Advisory Committee Notes state, the Rule seeks to cure two potential problems with excerpted evidence: "The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a

point later in the trial." *See also, United States v. Boylan,* 898 F.2d 230, 256 (1st Cir.), *cert. denied,* 498 U.S. 849 (1990) (Rule 106 "protects litigants from the twin pitfalls of creative excerpting and manipulative timing"). The language is mandatory: the adverse party has a right to the *contemporaneous* introduction of evidence which balances and gives context to the selected excerpts.

Here, the excerpts chosen by the government collectively suggest that Nigel Potter had no information which would suggest a valid reason why someone might pay Mr. McKinnon a million dollars in relation to the obtaining of VLTs: that he did not know why McKinnon should be paid one million, Tr. 2/10/05 at p. 21; that he didn't know what McKinnon did for Lincoln Park other than basic lawyering, *id.* at pp. 113-114; that the amount was grossly in excess of reasonable compensation, *id.* at p. 121; and that he did not know what McKinnon could legally do to obtain VLTs. *Id.* at pp. 114-115, 134. These excerpts, however, are taken out of context and misrepresent the overall thrust of his testimony. In fact, Mr. Potter testified a number of times, indeed, often in response to the government's cross-examination, that he understood that Mr. McKinnon was a key component of Lincoln Park's political strategy and that he had been told that the proposed remuneration was not out of line with what had been previously paid. *See,* testimony re McKinnon's role as business advisor and political consultant, Tr. 2/8/05 at pp. 113-114, 2/10/05 at pp. 108-113; testimony re bonus paid to Alan Goldman of a million dollars for VLTs, Tr. 2/8/05 at pp. 121-123, 125-127, Tr. 2/9/05 at pp. 71, 74; testimony re Newport Jai Alai attorneys receiving one-million-dollar performance bonus, Tr. 2/8/05 at p. 117.

Basic fairness and the explicit terms of Rule 106 require that the following excerpts be introduced contemporaneously with the excerpts chosen by the government:

<u>February 8, 2005</u>

p. 113, ln. 9-19
p. 117, ln. 17-21
p. 121, ln. 18-21
p. 123, ln. 10-16, 20-22
p. 125, ln. 13-17
p. 126, ln. 20-25
p. 127, ln. 1-11

<u>February 9, 2005</u>

p. 9, ln. 10-25
p. 10, ln. 1-2
p. 71, ln. 17-24
p. 100, ln. 15-17
p. 102, ln. 14-25
p. 103, ln. 1-12
p. 133, ln. 18-22
p. 134, ln. 3-4, 7-8, 11-23
p. 138, ln. 15-19, 24-25
p. 139, ln. 1-25
p. 140, ln. 1-3

<u>February 10, 2005</u>

p. 39, ln. 3-25
p. 40, ln. 1-11, 15-25
p. 41, ln. 1
p. 108, ln. 13-25
p. 109, ln. 1-4

p. 110, ln. 1-14

p. 111, ln. 24-25

p. 112, ln. 1-25

p. 113, ln. 1-19

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. Leonard O'Brien (ET)

C. LEONARD O'BRIEN (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt & O'Brien
The Owen Building, 101 Dyer Street
Providence, RI 02903

**CERTIFICATION**

I hereby certify that I caused the **original** of the within document to be hand-delivered to Judge Mary M. Lisi, and a **copy** of the within document to be hand-delivered to Craig Moore and Lee Vilker, Assistant United States Attorneys; John Tarantino, Esq.; and Anthony Traini, Esq., in the courtroom during the trial of this matter in U.S. District Court in Worcester, Massachusetts, on the 19th day of July, 2005.

Ellen Taylor