IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 03-81-01ML |
| | : | (Superseding Indictment) |
| NIGEL POTTER, *et al.* | : | |

**DEFENDANT NIGEL POTTER'S MOTION TO ADMIT *POTTER EXHIBITS J* AND *I***

Defendant Nigel Potter moves that this Court admit into evidence *Potter Exhibit J* and *Potter Exhibit I* under F.R.Evid. 401, 801, 803(3)(6). The grounds for this motion are stated more fully in the accompanying memorandum of law, which defendant incorporates herein by reference.

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. LEONARD O'BRIEN, ESQ. (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt and O'Brien
101 Dyer Street
Providence, RI 02903

**CERTIFICATION**

I hereby certify that on the 1st day of August, 2005, I hand-delivered in the federal District Court in Worcester, Massachusetts, a copy of the within document to Craig Moore and Lee Vilker, Assistant United States Attorneys, U.S. Attorney's Office, 50 Kennedy Plaza, 8th floor, Providence, RI 02903; to John Tarantino, Esq., Adler, Pollock & Sheehan, P.C., 1 Citizens Plaza, 8th Floor, Providence, RI 02903, and to Anthony Traini, Esq., 56 Pine Street, Providence, RI 02903

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 03-81-01ML |
| | : | (Superseding Indictment) |
| NIGEL POTTER, *et al.* | : | |

**DEFENDANT NIGEL POTTER'S MEMORANDUM IN SUPPORT OF HIS MOTION TO ADMIT *POTTER EXHIBITS J* AND *I***

Nigel Potter has moved to admit into evidence *Potter Exhibit J* and *Potter Exhibit I* (copies attached). The parties have agreed in their 3505 filings that these documents are not hearsay, as they were kept in the ordinary course of business under F.R.Evid. 803(6).[1] *Potter Exhibit J* is also included in the government's exhibit binder as *Government Exhibit 120.*

These exhibits are relevant because they show what Nigel Potter means when he uses the terms "in principle", which are the words he added to the draft January 24, 2001 Wembley USA minutes. *Government Exhibit 54* at WUK 002915. The government challenged the credibility of this amendment to the minutes by eliciting testimony from David Brents that Mr. Potter did not use the term "in principle" during the January 24, 2001 meeting. Tr. 7/25/05 at 33 (copy attached).

Mr. Potter must be permitted to introduce *Potter Exhibits J* and *I* both to rebut Brents's testimony and to corroborate his own testimony that (1) he told Sherman and Brents at the January 24 meeting that the McKinnon proposal had been included in the Wembley plc budget,

[1] These documents are not offered for their truth in any case, but rather as evidence of Nigel Potter's state of mind, which is a hearsay exception under F.R.Evid. 803(3) as well.

but not that the proposal itself had been approved, and (2) that he amended the minutes using as few words as possible in order to make them accurate without requiring a complete rewrite.

*Potter Exhibits J* and *I* are both facsimiles authored by Mr. Potter before January 24, 2001, at times when he had no reason to mislead. They both use the terms "no problem in principle." And they both use this phrase in the same way in which Mr. Potter testified that used he phrase "in principle" when he amended the January 24, 2001 minutes, *i.e.,* to indicate an acceptance in concept or in general, but short of full or final approval. In *Potter Exhibit J,* for example, Mr. Potter writes to Skip Sherman:

> I have not approved $3.2 million of capex work at Lincoln, as I have not received a formal requests for this work. I assume this will come through you and David in the normal way. Certainly I indicated to Dan that I didn't have a problem in principle with what he showed me – but this is different from approving!

*Potter Exhibit J* at ¶ 3 (emphasis supplied). *Accord, Potter Exhibit I* at ¶ 2 (Mr. Potter tells Mr. Bucci that "I didn't have any problem in principle with what you were proposing when I visited with you last week but approval (as always) is subject to the submission of a normal capex request, …") (emphasis supplied).

*Potter Exhibits J* and *I* show that, even if Nigel Potter did not say the precise words "in principle" at the January 24, 2001 meeting, as David Brents asserted he did not, his use of these words to amend the minutes is consistent with his understanding of their meaning and therefore with his testimony – *i.e.,* with his statement that he did not say the McKinnon proposal was approved at the meeting, and with his statement that he used as few words as possible to make the minutes accurate.

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. LEONARD O'BRIEN, ESQ. (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt and O'Brien
101 Dyer Street
Providence, RI 02903

**CERTIFICATION**

I hereby certify that on the 1st day of August, 2005, I hand-delivered in the federal District Court in Worcester, Massachusetts, a copy of the within document to Craig Moore and Lee Vilker, Assistant United States Attorneys, U.S. Attorney's Office, 50 Kennedy Plaza, 8th floor, Providence, RI 02903; to John Tarantino, Esq., Adler, Pollock & Sheehan, P.C., 1 Citizens Plaza, 8th Floor, Providence, RI 02903, and to Anthony Traini, Esq., 56 Pine Street, Providence, RI 02903

[redacted]

# Wembley plc

## Facsimile

Date 19 November 1999

To Dan Bucci cc. Skip Sherman

Company Wembley USA

No. of pages 1

From Nigel Potter

Direct line 0181 795 8003

Direct fax 0181 903 2479

Direct e-mail AnnaD@wembley.co.uk

Congratulations to all on yet another VLT record.

Just to clarify the situation on the capex requirements at Lincoln to extend the VLT facility. I didn't have any problem in principle with what you were proposing when I visited with you last week but approval (as always) is subject to the submission of a normal capex request, which I guess David will prepare for you and send to London as soon as possible.

How's your son?

pp Anna

Nigel

The material in this facsimile may be confidential, privileged and/or protected by copyright and should not be used, copied or disclosed without permission. If it has been sent to you in error, or if any part is unclear, please contact us immediately.

**Wembley plc**
Elvin House Stadium Way Wembley HA9 0DH
Telephone 0181 902 8833 Fax 0181 900 1046
e-mail corporate@wembley.co.uk

[redacted]

# Wembley plc

## Facsimile

**Date** 19 November 1999
**To** Skip Sherman
**Company** Wembley USA
**No. of pages** 1

**From** Nigel Potter
**Direct line** 0181 795 8003
**Direct fax** 0181 903 2479
**Direct e-mail** AnnaD@wembley.co.uk

Skip

I've been out of the office most of this week so have only today seen your weekly report. Congratulations to all for achieving another record on the VLT's.

The visit to Lincoln with John Fooks was indeed successful from mine and John's point of view.

I have not approved $3.2 million of capex work at Lincoln, as I have not received a formal request for this work. I assume this will come through you and David in the normal way. Certainly I indicated to Dan that I didn't have a problem in principle with what he showed me - but this is different from approving!

I'm delighted your personal situation has been finalised. We need to meet up before Christmas. Could you come to London between 9 - 16 December?

We have a plc board meeting on 8 December at which I have to submit proposals for year 2000 bonuses for approval so I don't want to meet before 9 December, so that we can finalise your remuneration when we do meet.

MTR gaming can wait until we meet. David's note is negative on the subject showing several significant risks and no opportunities (and there may not be any opportunities) in which case what's the Wembley USA conclusion on this business?

pp Anna

Nigel

The material in this facsimile may be confidential, privileged and/or protected by copyright and should not be used, copied or disclosed without permission. If it has been sent to you in error, or if any part is unclear, please contact us immediately.

WUK 003543

**Wembley plc**
Elvin House Stadium Way Wembley HA9 0DH
Telephone 0181 902 8833 Fax 0181 900 1046
e-mail corporate@wembley.co.uk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * C.R. NO. 03-081ML

UNITED STATES OF AMERICA *

VS. * JULY 25, 2005
9:00 A.M.

NIGEL POTTER, ET AL *

* * * * * * * * * * * * * * * * PROVIDENCE, RI

BEFORE THE HONORABLE MARY M. LISI,

DISTRICT JUDGE

(Jury Trial)

APPEARANCES:

FOR THE GOVERNMENT: CRAIG N. MOORE, ESQ.
LEE H. VILKER, ESQ.
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT, NIGEL POTTER: C. LEONARD O'BRIEN, ESQ.
101 Dyer Street
Providence, RI 02903

FOR THE DEFENDANT, DANIEL BUCCI: ANTHONY M. TRAINI, ESQ.
56 Pine Street
Providence, RI 02903

FOR THE DEFENDANT, BURRILLVILLE: JOHN A. TARANTINO, ESQ.
PATRICIA ROCHA, ESQ.
Adler, Pollock & Sheehan, Inc.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Court Reporter: Karen M. Zinni, RPR-RMR-CRR
One Exchange Terrace
Providence, RI 02903

when receiving proposed revisions to board meetings?
A. I'd take the changes and incorporate them into the minutes and then would -- we'd reviewed them at the next meeting.
Q. Would you make a determination as secretary of Wembley USA as to whether the proposed revisions were accurate?
A. Yes.
Q. Did you ever incorporate Mr. Potter's proposed changes into any minutes that you prepared?
A. I don't recall incorporating this into any minutes.
Q. Particularly with the line, the phrase "in principle" --
MR. O'BRIEN: Objection, your Honor.
THE COURT: Let him finish the question.
MR. O'BRIEN: I thought he was. I'm sorry, Mr. Vilker.
Q. Did Mr. Potter say during the January 24th meeting that the payments had been approved in principle?
A. No.
Q. Do you see the line that says, "Legal confirmation if it is acceptable is awaited"?
A. Yes.
Q. During the January 24th board meeting, did Mr. Potter say that legal confirmation if it is