IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
VS. : CR. No. 03-81 ML (Superseding)
:
NIGEL POTTER; :
DANIEL BUCCI; and :
BURRIVILLE RACING ASSOCIATION :
a/k/a LINCOLN PARK :
a/k/a LINCOLN GREYHOUND PARK :
a/k/a LINCOLN PARK, INC. :

**DEFENDANTS' JOINT MOTION FOR SUPPLEMENTAL JURY INSTRUCTION NO. 16**

Defendants jointly request this Court under F.R.Crim.P. 30(a) to instruct the jury according to the attached Supplemental Instruction No. 16. This request supplements the Requests For Instructions already filed with this Court in the first trial of this case.

Respectfully submitted,

DANIEL BUCCI,
By His Attorney,

Anthony M. Traini (#4793)
56 Pine Street-Suite 2
Providence, RI 02903
Tel. 401.621.4700
Fax 401.621.5888

NIGEL POTTER,
By his Attorney,

C. Leonard O'Brien (#1886)
MacFadyen, Gescheidt & O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903
Tel. 401.751.5090
Fax 401.751.5096

LINCOLN PARK, INC.,
By Its Attorneys,

John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. 401.274.7200
Fax 401.351.4607

**CERTIFICATE OF SERVICE**

I hereby certify that on ~~July~~ August 2, 2005, I served a copy of the foregoing pleading by mail/hand delivery, upon Craig N. Moore, Esquire, and Lee H. Vilker, Esquire, Assistant United States Attorneys, United States Attorney's Office, The Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

WIRE FRAUD: INTENTION TO DEPRIVE OF HONEST SERVICES

Public officials owe a duty to the public to act in the public's interest. In this case, the Indictment charges that defendants acted with the intention to defraud because they allegedly intended to bribe John Harwood and thereby to cause him to act for his own personal benefit and not for the benefit of the public.

In order to prove this intention in regard to any individual defendant, the government must prove that that particular defendant intended to pay money in order to cause a public official to alter his or her official acts, to change a position which he or she would otherwise have taken, or to take actions that he or she would not have taken but for the payment.

A defendant is guilty of honest of services fraud only if the government proves beyond a reasonable doubt that that particular defendant specifically intended to influence or otherwise improperly affect a public official's performance of his or her public duties and thereby to deprive the public of that official's honest services.

In attempting to determine whether or not the government has met its burden of proof beyond a reasonable doubt of these elements, it is helpful to know what does not constitute honest services fraud.

For example, you cannot find an intent to deprive the public of honest services solely on the basis of evidence that a defendant intended to cultivate political or business ties with the public official, or that he intended to create a public impression that he had political or business ties with a public official. Nor is it enough that a payment is intended or offered with a hope or expectation of some non-specific good will. The law

requires more: a specific intent to influence the public official's performance of his public duties.

Likewise, it is not unlawful for any person to hire a lawyer whose partner is a member of the legislature, even if that person has business before the legislature. Nor is it improper for any person to compensate a lawyer or a law firm for services, whether the services are legal or business or political in nature, by payment of a retainer or bonus or a fee of any kind, including one conditioned upon successful political results. This is true even if a member of the law firm is a legislator and the person making the payment has business before the legislature at the time of payment.

Such activities, whatever you may think of them, do not violate the federal criminal law unless the government can show beyond a reasonable doubt that the payment to the attorney or law firm was intended to influence the official acts of the member of the firm who is a legislator.

Therefore, in this case, it was lawful for the defendants to hire Daniel McKinnon as their lawyer and to pay his firm a fee of any amount as long as his partner, the Speaker of the House, did not vote or do any official acts in relation to matters before the General Assembly that affected defendants.

In order to prove that a defendant intended to bribe Mr. Harwood by paying a fee of any kind or amount for legal services provided by McKinnon and Harwood, the government must prove beyond a reasonable doubt that that defendant had reason to believe that Mr. Harwood would not recuse himself—that is, that he would not decline to vote or act in matters relating to the defendants and their business—when matters affecting defendants and their business came before the General Assembly.

In order to prove an intended deprivation of honest services of a public official, it is not enough for the government to prove that a defendant intended to make a payment as a reward for past services or to ensure future services. In other words, there is no intended deprivation of honest services if the payment was intended to be made without strings attached. The law requires more: proof beyond a reasonable doubt that the payment was intended or offered to improperly influence a public official in the performance of his duties.

The question you must decide is whether the government has proven that a defendant intended to deprive the public of the honest services of John Harwood. It is not enough if you find that a defendant intended to make a payment to his law firm. It matters not a whit for present purposes whether or not you conclude that some activity involving Mr. McKinnon and his law firm and any of the defendants is unattractive or reprehensible or not the way we should conduct our government unless you find beyond a reasonable doubt that the payment to the law firm was intended to influence the official actions of John Harwood.

United States v. Sawyer, 239 F.3d 31, 40-41 (1st Cir. 2000)
United States v. Woodward, 149 F.3d 46, 55, 69-71 (1st Cir. 1998)
United States v. Sawyer, 85 F.3d 713, 723, 729, 731-732, 741 (1st Cir. 1996)
United States v. D'Amato, 39 F.3d 1249, 1259, 1262 (2d Cir. 1994)
In Re Advisory Opinion to the Governor, 504 A.2d 456 (R.I. 1986)
Mehrtens v. Davis, 574 A.2d 1236 (R.I. 1990)