IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81 ML (Superseding) |
| | : | |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRIVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANTS' JOINT MOTION FOR CLARIFICATION**

Defendants Nigel Potter, Daniel Bucci and LPRI, LLC, f/k/a Lincoln Park, Inc. ("Lincoln Park"), hereby move this Court for Clarification of the Court's Memorandum and Order dated September 27, 2005 on Defendants' Joint Motion For New Trial. In support of their motion the Defendants rely upon the arguments made in their Memorandum of Law filed simultaneously herewith.

Dated: October 4, 2005

Respectfully submitted,
DANIEL BUCCI,
By his Attorney,

Anthony M. Traini (#4793)
56 Pine Street - Suite 2
Providence, RI 02903
Tel. 401.621.4700
Fax 401.621.5888

NIGEL POTTER,
By his Attorneys,

/s/ C. Leonard O'Brien

C. Leonard O'Brien (#1886)
B. Jean Rosiello (#2886)
MacFadyen, Gescheidt & O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903
Tel. 401.751.5090
Fax 401.751.5096

LPRI, LLC f/k/a LINCOLN PARK, INC.,
By its Attorneys,

John A. Tarantino

John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. 401.274.7200
Fax 401.351.4607

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2005, I served a copy of the foregoing pleading by hand delivery, upon Lee H. Vilker, Esquire, Assistant United States Attorney, United States Attorney's Office, The Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

Debra Hymon

*356868_1.doc*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81 ML (Superseding) |
| | : | |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRIVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION FOR CLARIFICATION**

Defendants Nigel Potter, Daniel Bucci and LPRI, LLC, f/k/a Lincoln Park, Inc. ("Lincoln Park"), have moved this Court for clarification of its Memorandum and Order dated September 27, 2005. In support of their motion, the Defendants respectfully submit the following:

**THE TRANSCRIPT OF AUGUST 4, 2005**

In its Memorandum and Order dated September 27, 2005 (Mem. & Ord.), the Court denied Defendants' Joint Motion For New Trial. In so doing, the Court stated that it was "not persuaded that there are any errors in the official transcript" of the trial proceedings of August 4, 2005. Mem. & Ord., p. 2, fn. 1. The Court did not, however, rule on the questions of whether the Defendants would have been entitled to relief in the event the official transcript is found to be in error, or on the Defendants' request to impound and seal the relevant trial tape recordings and all materials relating to the preparation of the official transcript of August 4, 2005.

In their Memorandum Of Law In Support of Defendants' Joint Motion For New Trial (Mem. MNT), the Defendants advised the Court that:

> in the event the Court disagrees with the defense position that the prosecutor's statements as reported in the official version of the transcript are sufficient to warrant a new trial, the discrepancy in the transcript will become an issue for determination by this Court in the first instance, and if necessary by the Court of Appeals.

Mem. MNT at p. 2, fn. 3.

Defendants further stated:

> In order to preserve this issue properly for review by this Court if necessary, and/or for appellate review, the Defendants respectfully request that the Court segregate the tape(s) of the August 4 proceedings from the other tapes of the trial proceedings and keep them sealed and attached as exhibits to this Motion so that they can be heard and reviewed by the Court or, if necessary and appropriate, subjected to analysis to determine if, in fact, there was a malfunction in the recording equipment.

Id., at p. 3.

In their Reply Memorandum of Law In Support Of Defendants' Motion For New Trial (Reply Mem.), Defendants again raised the issue of the accuracy of the transcript (Reply Mem. at p. 9). Defendants requested that if this Court determined that the "real time" version of the transcript was immaterial, this Court make a specific finding to this effect for purposes of appellate review:

> In the event the Court makes a determination that the remarks as recorded in the "real time" transcript are essentially immaterial in that the Defendants would not be entitled to relief even if the prosecutor made the statements there attributed to him, Defendants respectfully request that the Court make a specific finding to this effect for purposes of appellate review.

Id., at fn. 10.

Defendants further requested that if this Court found the "real time" version of the transcript to be material, that it make such a finding and allow an evidentiary hearing on the issue of the transcript discrepancy:

> . . . should the Court determine that the "real time" version of the prosecutor's statement would entitle the Defendants to relief if in fact that version of the transcript were found to be accurate, the Defendants request that the Court (a) make a specific finding to that effect and (b) allow the Defendants the opportunity for an evidentiary hearing on the issue of the accuracy of the transcript.

Reply Mem. at p. 9.

Finally, Defendants asked that even if this Court denied the request for evidentiary hearing, that it order the preservation of the tape recordings as well as the stenographer's and scopist's notes, and other materials pertinent to the "conversion" of the transcript from the "real time" version to the official version:

> The Defendants further request, regardless of whether the Court grants the request for an evidentiary hearing, that the Court order (a) the segregation and preservation of the tape recording(s) (as originally requested in the Defendants' original filing), and (b) that the stenographer submit to the Court to be sealed and segregated with the tape her notes, whether paper or paperless (i.e., on disk) of the transcript of August 4, 2005, as well as any notes or other materials she received or exchanged with the "scopist" or other individual who reviewed the tape recording in connection with any changes that were made to the transcript.

Id., at fn. 11.

In its Memorandum and Order, this Court did not (a) make any ruling on the issue of whether the Defendants would have been entitled to relief on the basis of what is reported in the "real time" version of the transcript, and (b) rule on Defendants' request to impound and preserve the tape recording(s) and other materials, including without limitation the stenographer's notes (whether paper or electronic) and any notes, drafts, or other media containing the scopist's comparisons of the transcript versions or any information relating to transcript alterations or the production of what became the official version of the transcript, and to keep these items sealed for possible analysis and further review. Defendants respectfully ask

that the Court clarify its Memorandum and Order by ruling on these requests so that these issues they may properly be considered by the Court of Appeals.[1]

**MARK ELLIOTT'S GRAND JURY TESTIMONY**

In their Memorandum Of Law In Support Of Defendants' Joint Motion For New Trial, Defendants argued, among other things, that the prosecutor made his rebuttal argument remarks in bad faith (Mem. MNT at pp. 5-7, and fn. 8), pointing to Mark Elliott's Grand Jury testimony to support that claim, and offered to supply the Court with the relevant portions of that grand jury testimony for review (id.). In its Memorandum and Order, finding that "[c]ontrary to Defendants' claims, there is no evidence of bad faith on the part of the prosecution." (Mem. & Ord. at p. 10, fn. 2), the Court notes that it reviewed the grand jury testimony and "finds that it supports the government's claim. . ." Id. (emphasis in original).

The Defendants were never asked by the Court to supply the portions of the grand jury testimony upon which they relied to support their claim, and therefore do not know what portions of the grand jury testimony the Court reviewed. In the Defendants' view, Mr. Elliott's grand jury testimony supports their claim of bad faith on the part of the government. The Court has apparently relied upon some portion of Mr. Elliott's grand jury testimony to refute that claim and find against Defendants on that issue.

Consequently, in order to properly preserve this issue for review by the Court of Appeals, the Defendants attach hereto those portions of Mr. Elliott's grand jury testimony[2] upon which

[1]As noted above, it appears that this Court did not make a specific finding that there are no errors in the official transcript; rather, it appears that this Court's ruling was that it was not persuaded that there were any errors. Defendants respectfully submit that it is therefore necessary that this Court either (a) make a finding that even if the "real time" version of the transcript were adopted as correct, the Defendants would still not be entitled to relief, and to state the reasons therefor; or (b) conduct an evidentiary hearing on the question of whether there were in fact any errors in the official version of the transcript.

[2]This testimony consists of pages 18 through 23 of Mr. Elliott's testimony before the grand jury on May 20, 2003, and is attached as Exhibit 1 hereto.

they rely to support their claim of bad faith so that, if necessary, this Court may reconsider its position on this issue, and respectfully request that this Court further supplement the record with any additional portions of Mr. Elliott's grand jury testimony which the Court reviewed and upon which it relies, along with any other portions of Mr. Elliott's grand jury testimony that may be deemed relevant by the government.

Dated: October 4, 2005

Respectfully submitted,

DANIEL BUCCI,
By his Attorney,

Anthony M. Traini (#4793)
56 Pine Street - Suite 2
Providence, RI 02903
Tel. 401.621.4700
Fax 401.621.5888

NIGEL POTTER,
By his Attorneys,

/s/ C. Leonard O'Brien

C. Leonard O'Brien (#1886)
B. Jean Rosiello (#2886)
MacFadyen, Gescheidt & O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903
Tel. 401.751.5090
Fax 401.751.5096

LPRI, LLC f/k/a LINCOLN PARK, INC.,
By its Attorneys,

John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. 401.274.7200
Fax 401.351.4607

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2005, I served a copy of the foregoing pleading by hand delivery, upon Lee H. Vilker, Esquire, Assistant United States Attorneys, United States Attorney's Office, The Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

*356869_1.doc*