UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. 03-081-ML |
| vs. | ) | |
| | ) | |
| NIGEL POTTER, and | ) | |
| DANIEL BUCCI, | ) | |

**UNITED STATES' MOTION**
**TO SUPPLEMENT RECORD FOR COURT OF APPEALS**

For the reasons set forth in the accompanying memorandum of law, pursuant to Fed. R. App. P. 10(e), the government moves this Court to supplement the record, to facilitate the First Circuit's review of the pending bail appeal in this case. Specifically, the government moves the Court to forward the following bail-related filings to the First Circuit: The defense letter of October 24, 2005; the responsive government letter of October 26, 2005; and the defense reply letter of October 27, 2005.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

DONALD C. LOCKHART
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this, the 10th day of November, 2005, I mailed and faxed a true copy of this filing to counsel for defendants Nigel Potter and Daniel Bucci:

Anthony M. Traini, Esq.
56 Pine Street
Providence, RI 02903

C. Leonard O'Brien, Esq.
MacFadyen, Gescheidt & O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. 03-081-ML |
| vs. | ) | |
| | ) | |
| NIGEL POTTER, and | ) | |
| DANIEL BUCCI, | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT RECORD FOR COURT OF APPEALS**

Pursuant to Fed. R. App. P. 10(e), the government moves this Court to supplement the record, to facilitate the First Circuit's review of the pending bail appeal in this case. Specifically, the government moves the Court to forward the following bail-related filings to the First Circuit: The defense letter of October 24, 2005; the responsive government letter of October 26, 2005; and the defense reply letter of October 27, 2005. The first pages of these letter briefs are attached.

The filings in question were not assigned docket numbers. The record, however, includes all "original papers and exhibits filed in the district court" and the "transcript of proceedings, if any." Fed. R. App. P. 10(a). If any of these items is omitted from the record, Federal Rule of Appellate Procedure 10(e) provides a remedy:

> **(e) Correction or Modification of the Record**
>
> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference

> must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
>
> (C) by the court of appeals.

Fed. R. App. P. 10(e); see generally United States v. Morales-Madera, 352 F.3d 1, 10-12 (1st Cir. 2003); United States v. Rivera-Rosario, 300 F.3d 1, 9 (1st Cir. 2002); United States v. Bullard, 37 F.3d 765, 767 (1st Cir. 1994), cert. denied, 514 U.S. 1089 (1995).

The three letters reflect the parties' positions on the matter of bail pending appeal, the proposed stay, and related sentencing issues. The court referred to at least one (and likely both) of the defense letters in denying bail pending appeal in the case of defendant Potter. (Potter Sentencing at 44.) The letters are clearly part of the record of this case and the Court of Appeals will need to see them to fully understand the procedural history of the bail issue. See e.g., In Re Providence Journal Company, 293 F.3d 1, 12-13 (1st Cir. 2002).

For the above reasons, this Court should grant the motion to supplement the record.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

DONALD C. LOCKHART
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this, the 10th day of November, 2005, I mailed and faxed a true copy of this filing to counsel for defendants Nigel Potter and Daniel Bucci:

Anthony M. Traini, Esq.
56 Pine Street
Providence, RI 02903

C. Leonard O'Brien, Esq.
MacFadyen, Gescheidt & O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903